# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
## Michael A. Hammer
**United States Magistrates Judge**

**Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858**

October 1, 2024

To: All counsel of record

## <u>LETTER OPINION AND ORDER</u>

RE:    **Strike 3 Holdings, LLC v. JOHN DOE subscriber assigned IP address
74.105.255.214
<u>Civil Action No. 24-9431-SDW-MAH</u>**

Dear Counsel:

This Letter Opinion and Order will address Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet Protocol ("IP") address 74.105.255.214 for the dates relevant to the Complaint.  Mot. for Leave to Serve Third-Party Subpoena, Sept. 30, 2024, D.E. 5.  Plaintiff seeks to obtain this information before the Federal Rule of Civil Procedure 26(f) scheduling conference in this matter.  Pl.'s Br. in Supp. of Mot., Sept. 30, 2024, D.E. 5-1, at 1.  The Court has considered Plaintiff's submission and, pursuant to Federal Rule of Civil Procedure 78, has decided the motion without oral argument.  For the reasons set forth below, the Court will grant the motion.

## I.    <u>BACKGROUND</u>

Plaintiff Strike 3 Holdings, LLC is a Delaware limited liability company that claims ownership of certain United States copyright registrations.  Compl., Sept. 25, 2024, D.E. 1, ¶¶ 2, 11, 45, 48.  Plaintiff alleges that Defendant illegally downloaded and distributed 118 of Plaintiff's

copyrighted works via the BitTorrent file distribution system, in violation of the Copyright Act, 17 U.S.C. §101 *et seq.*[1]  *Id.* ¶¶ 4, 6, 17-46, 49, 51-52.

Plaintiff asserts that it does not know Defendant's identity; it knows only that the infringing acts alleged in the Complaint were committed using IP address 74.105.255.214.  *Id.* ¶ 1.  Plaintiff therefore seeks leave to issue a subpoena to the appropriate Internet Service Provider ("ISP"), in this case, Verizon Online LLC ("Verizon Fios").  Pl.'s Br. in Supp. of Mot., D.E. 5-1, at 1.  Plaintiff asserts that the ISP, having assigned that ISP address, can compare the IP address with its records to ascertain Defendant's identity.  *Id.* at 1-2.  Plaintiff contends that this information is necessary because without it, Plaintiff would have no means of determining the true identity of Defendant, and, consequently, will not be able to serve Defendant John Doe and protect its copyright.  *Id.*

## II.     LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f)."  The Court has the discretion, however, to grant leave to conduct discovery prior to that conference.  *Id.*  In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."  *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006) (quoting *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003)).  Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright

---

[1] Plaintiff asserts that it detected Defendant's copyright violations using it infringement detection system, VXN Scan. Compl., Sept. 25, 2024, D.E. 1, at ¶¶ 27-39. In the Complaint, Plaintiff explains that "while Defendant was using BitTorrent file distribution network, VXN Scan established direct TCP/IP connections with Defendant's IP address" and downloaded one or more pieces of Plaintiff's copyrighted material from Defendant. *Id.* at ¶¶ 29-39.

infringement cases often apply the "good cause" test. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87, 93 (E.D.N.Y. 2012); *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, 98 F. Supp. 3d 693, 694-95 (D.N.J. 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Courts in this District have applied the "good cause" standard and permitted early, but limited, discovery under analogous circumstances. *Plastic the Movie Ltd. v. Doe*, No. 21502476, 2015 WL 2159287, at *2 (D.N.J. May 6, 2015). In *Malibu Media, LLC v. Does*, for example, the plaintiff "sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendant's names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses." *Id.* The Court recognized that competing interests were at play. *Malibu Media, LLC v. Does*, No. 12-7615, 2013 WL 12407010, at *4 (D.N.J. Feb. 26, 2013). On the one hand, the plaintiff claimed to be the owner of copyrighted work entitled to protection. *Id.* On the other hand, the release of broad and private information "could impose an undue burden on individuals who may have provided their information to an ISP, but who did not engage in the alleged illegal distribution of Plaintiff's work. *Id.* at *3. The Court struck a balance by granting plaintiff's request for leave to take expedited discovery, but permitted plaintiff to issue subpoenas seeking only information necessary to allow it to continue litigation its claims: the name and address of the IP's account holder. *Id.* at *4. Other courts in the District have undergone the same analysis and imposed similar limitations. *See, e.g., Plastic The Movie Ltd. v. Doe*, No. 21502476, 2015 WL 2159287, at *3 (D.N.J. May 6, 2015) (limiting subpoena's scope to the "name and address of Defendant"); Malibu *Media LLC v. Doe*, No. 14-3874, slip op. ¶ 7 (D.N.J. Sept. 2, 2014) (same);

*Malibu Media v. Doe*, Civ. No. 13-4660, slip op. at 2 (D.N.J. Aug. 19, 2013) (same); *Voltage Pictures v. Does*, No. 12-6885, 2013 WL 12406868, at *4 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and MAC address associated with a particular IP address).

There is good cause to permit limited discovery prior to the Rule 26(f) conference in this case. Plaintiff requests information that is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of any Amended Complaint. The Court certainly recognizes that the IP account holder might not be personally responsible for the alleged infringement. Under Rule 26(b)(1), the appropriate inquiry is "not whether the information sought will lead to identifying the infringer but whether the information sought reasonably leads to the discovery of admissible evidence." *Malibu Media, LLC v. Does*, No. 12-07789KM, 2014 WL 229295, at *9 (D.N.J. Jan. 21, 2014). However, it is possible that the IP account holder "either knows, or has additional information which could lead to the identification of the alleged infringer." *Id*.

The Court therefore holds that Plaintiff may serve Verizon Fios with a subpoena pursuant to Federal Rule of Procedure 45 that is limited to obtaining the name and address of the subscriber of IP address 74.105.255.214. That limited scope serves the purposes outlined above, while taking into consideration the impact that disclosure might have on a subscriber who is not personally responsible for the alleged infringement. Plaintiff may not seek the subscriber's telephone numbers, email addresses, or MAC addresses. Plaintiff shall attach a copy of the Letter and Opinion Order to the subpoena. Plaintiff shall limit its use of the information in this litigation, and Plaintiff shall be prepared to provide copies of the responsive information to any defendant who

enters an appearance in this case.[2]

So Ordered.

_s/ Michael A. Hammer_
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  Before filing an Amended Complaint naming a specific individual as a defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. The Court does not find that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claim by permitting this discovery.